IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRYAN RISER,            § | | |
|     Plaintiff,         § | | |
| § | | |
| vs.                    § | Civil Action No. 3:22-CV-01014-C | |
| § | | |
| § | | |
| ESTEBAN MONTENEGRO,     § | | |
|     Defendant.        § | | |

**DEFENDANT ESTEBAN MONTENEGRO'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COMES Esteban Montenegro, Defendant in the above-styled and numbered cause (hereinafter "Defendant") and files his Original Answer, Affirmative Defenses and Jury Demand to Plaintiff's Original Complaint (Dkt. 1). In support of this answer, Defendant respectfully shows as follows:

**I.
PRELIMINARY STATEMENT**

Defendant Esteban Montenegro generally denies all of Plaintiff Bryan Riser's (hereinafter "Riser" or "Plaintiff") allegations brought against him except where he specifically admits them.  See Fed. R. Civ. P. 8(b)(3). Defendant denies the allegations contained in the sub-headings contained in Section IV of Plaintiff's Complaint.  Defendant specifically denies that he violated Riser's Fourth Amendment rights.

**II.
ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

1.   Defendant admits that this is a civil rights action brought under section 1983 but denies the remaining allegations contained in the first sentence of paragraph 1 of Plaintiff's Complaint. Defendant denies the remaining allegations contained in

paragraph 1 of Plaintiff's Complaint.

2. Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant denies the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 4 of Plaintiff's Complaint regarding the length of time Plaintiff spent in jail, when he was released or why he was released. Defendant denies it was a wrongful murder charge. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in second sentence of paragraph 4 of Plaintiff's Complaint regarding what position the prosecutor took during the examining trial and whether that position was "highly unusual," but otherwise admits the remaining allegation that the prosecutor argued that there was no probable cause and that Riser should not have been arrested. This is contrary to the prosecutor's prior stance that there was "baseline probable cause" to arrest Riser for the Saenz murder and that Riser should have been arrested. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of paragraph 4 of Plaintiff's Complaint regarding any alleged admissions made by John Creuzot. Defendant denies all remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the Kaufman County District Attorney is considering charges but denies that Defendant's conduct was "ill-conceived [and] targeted". Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant admits that he is a resident of Texas and is a detective with the Dallas Police Department. Defendant denies the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendant admits that this Court has jurisdiction over this case but Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that venue is proper in the Northern District, but Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

## IV.
## FACTS

10. Defendant admits the allegation that Plaintiff was arrested on two counts of capital murder but Defendant denies that the arrest occurred on March 3, 2021.

11. Defendant denies the allegation contained in the first sentence of paragraph 11 of Plaintiff's Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 12 of Plaintiff's Complaint. Defendant denies the allegations contained in the second sentence of paragraph 12 of Plaintiff's Complaint.

13. Defendant admits the allegation that Liza Saenz was found dead in the Trinity River

but Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that she was found at 11:39 p.m. on March 10, 2017. Defendant admits the allegations contained in the second and third sentences of paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant admits the allegations contained in the first and second sentences of paragraph 16 of Plaintiff's Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 16 of Plaintiff's Complaint. Defendant denies the allegations contained in the fourth and fifth sentences of paragraph 16 of Plaintiff's Complaint.

17. Defendant admits the allegations contained in the first sentence of paragraph 17 of Plaintiff's Complaint. Defendant admits the allegation that Estevan Lara was found guilty and made remarks out loud in the courtroom to Saenz. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 17 of Plaintiff's Complaint. Defendant denies the remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant admits the allegation that Kilpatrick also revealed that he had committed the previously unknown murder of a man named Albert Douglas. Defendant is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in the first sentence of paragraph 18 of Plaintiff's Complaint. Defendant admits the allegations contained in the remaining two sentences of paragraph 18 of Plaintiff's Complaint.

19. Defendant admits the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant admits that Plaintiff had driven Kilpatrick around the area where Douglas could be found, met with Kilpatrick at Kidd's residence and paid him $3500. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

**Defendant denies the characterization of Plaintiff's heading before paragraph 21 of Plaintiff's Complaint.**

21. Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant admits that there was an investigation into banking records as alleged in paragraph 25 of Plaintiff's Complaint. Otherwise, Defendant denies the remaining allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant admits that Kilpatrick was confused as to the timeline of the murders. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first, second, third, and fourth sentences of paragraph 26 of Plaintiff's Complaint. Defendant denies the fifth

sentence of paragraph 26 of Plaintiff's Complaint. Defendant again admits that Kilpatrick was confused as to the timeline of the murders. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the final sentence of paragraph 26 of Plaintiff's Complaint.

**Defendant denies the characterization of Plaintiff's heading before paragraph 27 of Plaintiff's Complaint.**

27. Defendant admits that he set up an interview with Kidd. Defendant denies the remaining allegations contained in the first and second sentences of paragraph 27 of Plaintiff's Complaint. As to the allegation that Kidd's version of events contradicted Kilpatrick's in several key ways, Defendant responds as follows:

- Defendant admits that there was a meeting at Kidd's house and that Kidd denied seeing any money change hands. Defendant denies that Kidd failed to identify Riser from a photographic line up as the driver. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that there was an SUV or that Kidd could not confirm the color of the SUV.

- Defendant admits that Kidd denied getting any money. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second bullet point in paragraph 27 of Plaintiff's Complaint.

- Defendant admits that Kilpatrick gave a description of burning Douglas's ID card in Kidd's yard. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

      contained in the third bullet point in paragraph 27 of Plaintiff's Complaint.

- Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of the fourth bullet point in paragraph 27 of Plaintiff's Complaint. Defendant denies the allegations contained in the second sentence of the fourth bullet point in paragraph 27 of Plaintiff's Complaint.

- Defendant denies the allegation that Kilpatrick and Kidd gave completely contradictory descriptions of what happened when they stopped at a gas station after killing Liza Saenz. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the fifth bullet point in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in the first and second sentences of paragraph 29 of Plaintiff's Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint. **Defendant denies the characterization of Plaintiff's heading before paragraph 31 of Plaintiff's Complaint.**

31. Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendant acknowledges that the text of the probable cause affidavit speaks for itself and admits Plaintiff's allegations to the extent they are accurate quotations of the

probable cause affidavit. To the extent the allegations are inaccurate, Defendant denies Plaintiff's allegations. Defendant denies the allegation that the probable cause affidavit most egregiously misstates information. Defendant admits that the FBI Cell Site Location analysis revealed that Plaintiff's cell phone data placed him in the location of the planning of Douglas's and Saenz's murders. Defendant admits that the FBI Cell Site Location analysis revealed that Plaintiff's cell phone data did not place him in the location of Douglas's and Saenz's murders when they occurred. Defendant admits that he testified during Plaintiff's examining trial that he made a cut and paste error. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in the first sentence of paragraph 34 of Plaintiff's Complaint. Defendant acknowledges that the probable cause affidavit speaks for itself and admits Plaintiff's allegations to the extent they are accurate quotations of the probable cause affidavit. To the extent the allegations are inaccurate, Defendant denies Plaintiff's allegations. Defendant admits that the text in question was sent prior to the time Douglas went missing. Defendant denies the allegation that the affidavit intentionally omitted any information.

35. Defendant acknowledges that the text message in question speaks for itself and admits Plaintiff's allegations to the extent they are accurate quotations of the text message in question. To the extent the allegations are inaccurate, Defendant denies Plaintiff's allegations. Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in the second sentence of paragraph 35 of Plaintiff's Complaint. Defendant denies the remaining allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendant acknowledges that the probable cause affidavit speaks for itself and admits Plaintiff's allegations to the extent they are accurate quotations of the probable cause affidavit. To the extent the allegations are inaccurate, Defendant denies Plaintiff's allegations. Defendant denies that the probable cause affidavit is misleading and/or omits critical context. Defendant admits that merely going to a donut shop does not mean that a person murders another person. Defendant denies the allegations contained in the fourth and fifth sentences of paragraph 36 of Plaintiff's Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the final sentence of paragraph 36 of Plaintiff's Complaint.

37. Defendant acknowledges that the probable cause affidavit speaks for itself and admits Plaintiff's allegations to the extent they are accurate quotations of the probable cause affidavit. To the extent the allegations are inaccurate, Defendant denies Plaintiff's allegations. Defendant otherwise denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendant incorporates by reference his answers to all preceding paragraphs which are referenced by Plaintiff in paragraph 39 of Plaintiff's Complaint.

40. Defendant admits the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Paragraph 43 of Plaintiff's Complaint is not an allegation of fact to which a response is required. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

53[sic]. Defendant denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

54[sic]. Defendant also demands a trial by jury.

55[sic]. Defendant denies Plaintiff is entitled to any relief contained in the Prayer section of Plaintiff's Complaint.

### III.
### AFFIRMATIVE DEFENSES

1. Defendant affirmatively pleads that he did not deprive Plaintiff of any Federal or Constitutionally protected rights and/or interests guaranteed under the United States Constitution or Federal law.

2. Defendant affirmatively pleads that he is entitled to qualified immunity from Plaintiff's claims because, on the occasion in question, he was a public official acting within the scope of his discretionary authority and in the course of his official responsibilities, and his conduct did not violate clearly established law of which a reasonable person would have known at the time, and was further objectively reasonable. Defendant specifically and affirmatively pleads his right to present evidence at trial regarding his defense of qualified immunity. Defendant specifically and affirmatively pleads his right to have all factual issues regarding his defense of qualified immunity presented to the jury for determination and to have all legal issues

regarding his defense of qualified immunity be presented to the Court for determination. Defendant specifically and affirmatively pleads that any mixed questions of law and fact be presented to the appropriate decisionmaker according to the applicable law.

3.  Defendant affirmatively pleads that, in light of his assertion of qualified immunity, discovery is not appropriate until such time as that defense has been adjudicated.

4.  By way of affirmative defense, Defendant pleads that Plaintiff has failed to state a claim upon which relief may be granted.

5.  Defendant asserts that he complied with all federal laws.

6.  Defendant affirmatively pleads that his actions were lawful, proper, and justified under the circumstances.

7.  Defendant affirmatively pleads that he is not liable for punitive/exemplary damages. Defendant affirmatively pleads that he did not act with reckless or callous disregard for Plaintiff's rights.

8.  Defendant affirmatively pleads that a warrant and/or probable cause existed to arrest and seize Plaintiff.

9.  Defendant affirmatively pleads that probable cause was found by an independent intermediary thereby breaking the causal chain and insulating Defendant from liability. Defendant affirmatively pleads the protections of the independent intermediary doctrine.

10. Defendant affirmatively pleads that his actions were lawful, proper, and justified under the circumstances.

11. Defendant affirmatively pleads that he did not act with reckless or callous disregard for Plaintiff's rights.

12. Defendant affirmatively pleads that he did not act with malice, recklessness,

callous indifference, or deliberate indifference to Plaintiff's Constitutional or Federal statutory rights.

13. Defendant affirmatively pleads that the Plaintiff's own acts or omissions caused or contributed to the Plaintiff's alleged injuries. Defendant affirmatively pleads that the intentional and/or negligent acts of the Plaintiff constituted the sole proximate cause of Plaintiff's alleged injuries and damages, if any, and such intentional and/or negligent acts should be submitted to the jury upon the trial of this case.

14. Defendant reserves the right to raise additional affirmative defenses.

## IV.
## JURY DEMAND

Defendant demands a trial by jury.

> Respectfully submitted,
>
> **FANNING, HARPER, MARTINSON, BRANDT & KUTCHIN, P.C.**
>
> By: */s/ Thomas P. Brandt*
> **THOMAS P. BRANDT**
> State Bar No. 02883500
> tbrandt@fhmbk.com
> **STEPHEN D. HENNINGER**
> State Bar No. 00784256
> shenninger@fhmbk.com
> **CHRISTOPHER BRANDT**
> State Bar No. 24072262
> cbrandt@fhmbk.com
> **FANNING, HARPER, MARTINSON, BRANDT & KUTCHIN, P.C.**
> One Glen Lakes
> 8140 Walnut Hill Lane, Ste. 200
> Dallas, Texas 75231
> (214) 369-1300 (office)
> (214) 987-9649 (telecopier)
>
> **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

   I hereby certify that on September 30, 2022, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.

                */s/ Thomas P. Brandt*
                **THOMAS P. BRANDT**