**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BRYAN RISER,** | § | |
| Plaintiff, | § | |
| | § | |
| **vs.** | § | Civil Action No. 3:22-CV-01014-C |
| | § | |
| | § | |
| **ESTEBAN MONTENEGRO,** | § | |
| Defendant. | § | |

**DEFENDANT ESTEBAN MONTENEGRO'S
BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Esteban Montenegro (hereinafter "Defendant" or "Montenegro"), Defendant in this matter and, pursuant to Federal Rule of Civil Procedure 56(b) and Local Civil Rules 56.3 and 56.5, files his Brief in Support of Defendant's Motion for Summary Judgment.

## <u>TABLE OF CONTENTS</u>

I.    SUMMARY ................................................................................................................. 1
II.   UNDISPUTED FACTS ............................................................................................. 2
III.  ISSUES TO BE DECIDED ........................................................................................ 2
IV.   ARGUMENTS AND AUTHORITIES ...................................................................... 2
  A.   The Summary Judgment Standard ...................................................................... 2
  B.   The Qualified Immunity Standard ....................................................................... 3
  C.   The Elements of a Fourth Amendment Claim .................................................... 6
  D.   Montenegro is Entitled to Qualified Immunity .................................................. 8
     1.   Plaintiff Cannot Overcome the First Prong of Qualified Immunity ............. 8
     2.   Plaintiff Cannot Establish the Second Prong of Qualified Immunity ......... 14
V.    CONCLUSION ......................................................................................................... 21

## <u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*Aguilar v. Texas,*
   378 U.S. 108 (1969)................................................................ 20

*Anderson v. Creighton,*
   483 U.S. 635 (1987)................................................................ 4, 7

*Arnold v. Williams,*
   979 F.3d 262 (5th Cir. 2020) .................................................. 6

*Ashcroft v. al-Kidd,*
   563 U.S. 731 (2011)................................................................ 14

*Baker v. McCollan,*
   443 U.S. 137 (1979)................................................................ 6

*Beck v. Ohio,*
   379 U.S. 89 (1964).................................................................. 6, 9

*Brinegar v. United States,*
   338 U.S. 160 .......................................................................... 6, 7, 8, 9

*Brown v. Hill,*
   438 Fed. App'x 336 (5th Cir. 2011) ...................................... 10

*Brown v. Lyford,*
   243 F.3d 185 (5th Cir. 2001) .................................................. 8, 9

*Bryant ex rel. Bryant v. City of Ripley, Miss.,*
   No. 3:12CV37-B-A, 2015 WL 686032 (N.D. Miss. Feb. 18, 2015) ........................ 10

*Celotex Corp. v. Catreett,*
   477 U.S. 317 (1986)................................................................ 2, 3

*Chandler v. Roncoli,*
   No. 3:09-CV-523-LRA, 2010 WL 11537421 (S.D. Miss. Nov. 1, 2010) .................. 10

*Club Retro LLC v. Hilton,*
   568 F. 3d 181 (5th Cir. 2009) ................................................ 7

*D.C. v. Wesby,*
   __ U.S. __, 138 S. Ct. 577 (2018).......................................... passim

*De La Paz v. Coy,*
   786 F.3d 367 (5th Cir. 2015) .................................................. 8, 9

*Devenpeck v. Alford,*
   543 U.S. 146 (2004)................................................................ 6, 7

*Dudley v. Angel,*
   209 F.3d 460 (5th Cir. 2000) .................................................. 3

*Elliot v. Perez,*
   751 F.2d 1472 (5th Cir. 1985) ................................................ 4

*Franks v. Delaware,*
   438 U.S. 154 (1978)................................................................ 14, 15, 18

*Freeman v. County of Bexar,*
   210 F.3d 550 (5th Cir. 2000) .................................................. 15

*Freeman v. Gore,*
   483 F. 3d 404 (5th Cir. 2007) ................................................ 6

*Garcia v. U.S.,*
   986 F.3d 513 (5th Cir. 2021) .................................................. 2

iii

*Goodson v. City of Corpus Christi,*
  202 F. 3d 730 (5th Cir. 2000) ................................................................. 6
*Haggerty v. Tex. S. Univ.,*
  391 F.3d 653 (5th Cir. 2004) ................................................................. 6
*Hale v. Fish,*
  899 F.2d 390 (5th Cir. 1990) ......................................................... 15, 18
*Hampton v. Oktibbeha County Sheriff Dep't,*
  480 F.3d 358 (5th Cir. 2007) .............................................................. 15
*Illinois v. Gates,*
  462 U.S. 213 (1983) ............................................................... passim
*Isquith v. Middle S. Utils., Inc.,*
  847 F.2d 186 (5th Cir.) .......................................................................... 3
*Jaben v. U.S.,*
  381 U.S. 214 (1965) ............................................................................ 20
*Jennings v. Patton,*
  644 F.3d 297 (5th Cir. 2011) .............................................................. 15
*Johnson v. City of San Antonio,*
  No. 22-50196, 2023 WL 3019686 (5th Cir. Apr. 20, 2023) .................. 8, 9
*Jones v. Perez,*
  No. 17-11242, 2019 WL 5268618 (5th Cir. Oct. 16, 2019) ............. 15, 18
*Kaley v. U.S.,*
  571 U.S. 320 (2014) .............................................................................. 6
*Kingsley* v. *Hendrickson,*
  576 U. S. 389 (2015) ............................................................................. 6
*Kohler v. Englade,*
  470 F. 3d 1104 (5th Cir. 2006) .......................................................... 6, 9
*Malley v. Briggs,*
  475 U.S. 335 (1986) ........................................................................... 4, 5
*Marks v. Hudson,*
  933 F.3d 481 (5th Cir. 2019) ......................................................... 15, 18
*Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.,*
  475 U.S. 574 (1986) .............................................................................. 3
*Melton v. Phillips,*
  875 F.3d 256 (5th Cir. 2017) ......................................................... 15, 18
*Morgan v. Swanson,*
  659 F.3d 359 (5th Cir. 2011) ...................................................... 4, 5, 14
*Morrow v. Meachum,*
  917 F.3d 870 (5th Cir. 2019) ............................................................ 3, 4
*Mullenix v. Luna,*
  577 U.S. 7 (2015) ............................................................................. 3, 5
*Nerio v. Evans,*
  974 F.3d 571 (5th Cir. 2020) ............................................................ 5, 6
*Paz v. Bursh Engineered Materials, Inc.,*
  555 F.3d 383 (5th Cir. 2009) ................................................................ 3
*Petersen v. Johnson,*
  57 F.4th 225 (5th Cir. 2023) ............................................................. 8, 9
*Pierce v. Smith,*

117 F.3d 866 (5th Cir. 1997) ................................................................. 3, 4
*Porter v. Lear*,
 751 Fed. App'x 422 (5th Cir. 2018) ..................................................... 15, 18
*Ramsey v. Henderson*,
 286 F.3d 264 (5th Cir. 2002) ................................................................... 2
*Rich v. Palko*,
 920 F.3d 288 (5th Cir. 2019) ............................................................... 3, 4
*Romero v. City of Grapevine*,
 888 F.3d 170 (5th Cir. 2018) ................................................................... 5
*Sam v. Richard*,
 887 F. 3d 710 (5th Cir. 2018) ............................................................... 7, 9
*Sanchez v. Swyden*,
 139 F.3d 464 (5th Cir. 1998) ................................................................... 6
*Scott v. City of Mandeville*,
 69 F.4th 249 (5th Cir. 2023) ................................................................... 8
*Spinelli v. U.S.*,
 393 U.S. 410 (1969) .............................................................................. 13
*State v. Kleinert*,
 855 F. 3d 305 (5th Cir. 2017) ............................................................... 7, 9
*Trejo v. United Rentals, Inc.*,
 No. SA-16-CV-0074-OLG, 2017 U.S. Dist. LEXIS 130097 (W.D. Tex. Jan. 26, 2017) .......... 3
*Turner v. Lieutenant Driver*,
 848 F.3d 678 (5th Cir. 2017) .......................................................... passim
*U.S. v. Barfield*,
 507 F.2d 53 (5th Cir. 1975) ................................................................... 10
*U.S. v. Harris*,
 403 U.S. 573 (1971) .......................................................................... 12, 19
*U.S. v. Posada-Rios*,
 158 F.3d 832 (5th Cir. 1998) ................................................................. 10
*U.S. v. Smith*,
 714 F. Supp. 1393 (N.D. Tex. 1989) ........................................................ 9
*U.S. v. Ventrasca*,
 380 U.S. 102 (1965) .......................................................................... 13, 15
*U.S. v. Webster*,
 162 F.3d 308 (5th Cir. 1998) ................................................................. 10
*United States v. Brown*,
 941 F.2d 1300 (5th Cir. 1991) ............................................................... 15
*United States v. Castro*,
 166 F. 3d 728 (5th Cir. 1999) (en banc ....................................................... 7
*United States v. May*,
 819 F.2d 531 (5th Cir. 1987) ................................................................. 15
*United States v. Phillips*,
 727 F.2d 392 (5th Cir. 1984) ................................................................. 16
*Vann v. City of Southhaven*,
 884 F.3d 307 (5th Cir. 2018) ................................................................... 5
*Vincent v. City of Sulphur*,
 805 F.3d 543 (5th Cir. 2015) ............................................................... 4, 5

*Voss v. Goode,*
  954 F. 3d 234 (5th Cir. 2020) ................................................................ 6, 9
*White v. Pauly,*
  580 U.S. 73 (2017) ..................................................................................... 6

Statutes

TEX. PENAL CODE §19.03(3) ..................................................................... 10, 17

Rules

Federal Rule of Civil Procedure 56(b) .......................................................... ii, 1
Federal Rule of Civil Procedure 56(c) ............................................................ 2
Rule 56 ............................................................................................................ 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BRYAN RISER,** | § | |
| Plaintiff, | § | |
| | § | |
| **vs.** | § | **Civil Action No. 3:22-CV-01014-C** |
| | § | |
| | § | |
| **ESTEBAN MONTENEGRO,** | § | |
| Defendant. | § | |

**DEFENDANT ESTEBAN MONTENEGRO'S**
**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Esteban Montenegro (hereinafter "Defendant" or "Montenegro"), Defendant in this matter and, pursuant to Federal Rule of Civil Procedure 56(b), and Local Civil Rules 56.3 and 56.5, files his Brief in Support of Defendant's Motion for Summary Judgment. Contemporaneously with the filing of this Brief, Defendant files his Motion for Summary Judgment and Appendix to Motion for Summary Judgment and Brief (cited herein as "App.").

Defendant asks the Court to render summary judgment in his favor dismissing all of the claims of Plaintiff Bryan Riser (hereinafter "Plaintiff" or "Riser"). In support of his motion, Defendant would respectfully show unto the Court the following:

**I.**
**SUMMARY**

Defendant incorporates by reference the summary contained in his Motion for Summary Judgment, filed contemporaneously herewith.

1

## II.
## UNDISPUTED FACTS

Defendant incorporates by reference the undisputed facts contained in his Motion for Summary Judgment, filed contemporaneously herewith.

## III.
## ISSUES TO BE DECIDED

The issues to be decided by this motion are:

1) Whether Defendant is entitled to qualified immunity because Plaintiff cannot raise any genuine issue of material fact that a Constitutional violation occurred; and

2) Whether Defendant is entitled to qualified immunity because Plaintiff cannot raise any genuine issue of material fact that Defendant violated clearly established law of which a reasonable person would have known.

## IV.
## ARGUMENTS AND AUTHORITIES

### A.    The Summary Judgment Standard

Summary judgment is appropriate if the pleadings and evidence, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] The non-movant must present evidence sufficient to establish the existence of each element of his claim as to which he will have the burden of proof at trial.[2] While all of the evidence must be viewed in the light most favorable to the non-movant, conclusory allegations, speculation, and unsubstantiated assertions will not satisfy the non-movant's summary judgment burden.[3] The Court should not assume—in the

---

[1] Federal Rule of Civil Procedure 56(c).
[2] *Celotex Corp. v. Catreett*, 477 U.S. 317, 322 (1986).
[3] *Garcia v. U.S.*, 986 F.3d 513, 533 (5th Cir. 2021); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002).

absence of any proof—that the nonmoving party could or would prove the necessary facts.[4] The movant makes the necessary showing by informing the court of the basis of his motion and by identifying the portions of the record which reveal there are no genuine material fact issues.[5] If the movant makes the required showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial.[6] To carry this burden, the non-movant "must do more than simply show the there is some metaphysical doubt as to material facts."[7] Summary judgment is mandatory when a party fails to establish the existence of an essential element of its case on which the party will bear the burden of proof at trial.[8] Finally, "if the Defendant[s] meets [their] burden under Rule 56, Plaintiff cannot survive the Defendant[s'] motion merely by resting on allegations in its pleadings."[9]

## B.     The Qualified Immunity Standard

Qualified immunity is a robust defense which "protects all but the plainly incompetent or those who knowingly violate the law."[10] Qualified immunity represents the norm, and it should be denied only in rare circumstances.[11] Officials exercising discretionary authority are entitled to the defense of qualified immunity unless at the time and under the circumstances of the challenged conduct **all** reasonable officers would have realized the conduct was prohibited by the federal law on which the suit is founded.[12]  The question is whether a reasonable officer **could** have believed that the actions of the defendant officer were lawful in light of clearly established

4 *Paz v. Bursh Engineered Materials, Inc.*, 555 F.3d 383, 391-92 (5th Cir. 2009).
5 *Celotex Corp.*, 477 U.S. at 323.
6 *Id.* at 323-24.
7 *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).
8 *Celotex Corp.*, 477 U.S. at 322.
9 *Trejo v. United Rentals, Inc.*, No. SA-16-CV-0074-OLG, 2017 U.S. Dist. LEXIS 130097, at *5 (W.D. Tex. Jan. 26, 2017) (citing *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988)).
10 *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (citation omitted).
11 *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019); *see also Morrow v. Meachum*, 917 F.3d 870, 876 (5th Cir. 2019) (the Supreme Court holds that courts "must think twice before denying qualified immunity").
12 *Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000); *Pierce v. Smith*, 117 F.3d 866, 871 (5th Cir. 1997).

law and the information the officer possessed at the time.[13] If reasonable officers could differ on the lawfulness of a defendant's actions, the defendant is entitled to qualified immunity.[14]

It is the plaintiff's burden to plead and prove specific facts overcoming qualified immunity.[15] When a defendant asserts qualified immunity, the plaintiff bears the burden of demonstrating that: (1) the defendant violated a statutory or constitutional right; and (2) the right was "clearly established" at the time of the challenged conduct.[16] The Court may determine which prong of the qualified immunity analysis to address first.[17] The "clearly established" question is "a doozy" for Plaintiff, who bears the heavy burden of demonstrating that relevant precedent has placed the constitutional question beyond debate.[18] The Court must ask whether the law so clearly and unambiguously prohibited the defendant's conduct that every reasonable official would understand that his actions violated the law.[19]

"It is the plaintiff's burden to find a case in his favor that does not define the law at a high level of generality."[20] "Abstract or general statements of legal principle untethered to analogous or near-analogous facts are not sufficient to establish a right 'clearly' in a given context; rather, the inquiry must focus on whether a right is clearly established as to the specific facts of the case."[21] This analysis depends upon whether, in light of the specific context of the case, not as a

---

13 *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).
14 *Malley v. Briggs*, 475 U.S. 335, 341 (1986).
15 *Elliot v. Perez*, 751 F.2d 1472, 1479 (5th Cir. 1985).
16 *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017).
17 *Id*.
18 *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019); *see also D.C. v. Wesby*, __ U.S. __, 138 S. Ct. 577, 589 (2018). At present, only U.S. Supreme Court precedent unequivocally "qualif[ies] as controlling authority for the purposes of qualified immunity." *Wesby*, 138 S. Ct. at 591, n. 8.  Additionally, clearly established law arises only from holdings, not dicta.  *Morrow*, 917 F.3d at 875.
19 *Turner*, 848 F.3d. at 686.
20 *Rich*, 920 F.3d at 294.
21 *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015); *see also Morgan v. Swanson*, 659 F.3d 359, 372 (5th Cir. 2011) (en banc) ("the Supreme Court has held that generalizations and abstract propositions are not capable of clearly establishing the law") *Pierce*, 117 F.3d at 882 ("For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law *in the circumstances*.") (emphasis original).

broad proposition, the "violative nature of *particular* conduct is clearly established."[22]   The Fifth Circuit has repeatedly rejected various plaintiffs' attempts to defeat assertions of qualified immunity by applying general concepts of constitutional law to specific factual circumstances, or by relying on case law from other circuits or from district courts.[23]

Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law.[24]   The Fifth Circuit considers qualified immunity the norm and admonishes courts to deny immunity only in rare circumstances.[25]

In the context of claims under the Fourth Amendment, in order to show that "the law is clearly established, a party must 'identify a case where an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment.'"[26]   The Supreme Court has stressed that "the specificity of the rule is especially important in the Fourth Amendment context," because probable cause turns on the assessment of probabilities in particular factual contexts and cannot be reduced to a neat set of rules.[27]   Thus, a body of relevant case law is generally necessary to clearly establish the law when probable cause is at issue.[28]   An officer is entitled to qualified immunity even if he did not have probable cause to arrest a suspect, if a reasonable person in his position would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established

---

[22] *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (emphasis in original).
[23] *E.g.*, *Vann v. City of Southhaven*, 884 F.3d 307, 310 (5th Cir. 2018) (rejecting plaintiff's reliance on out of circuit case law); *Turner*, 848 F.3d at 686-87 (rejecting plaintiff's attempt to apply general First Amendment protections to specific factual circumstances; also rejecting plaintiff's reliance on cases from three sister circuit courts and some district courts because neither the Supreme Court nor the Fifth Circuit had determined whether First Amendment protection extends to the situation at issue in the lawsuit); *Vincent*, 805 F.3d at 548, 550-51 (rejecting the plaintiff's reliance on out of circuit cases and holding that Supreme Court decisions identifying a general constitutional right were not sufficient to clearly establish law in the circumstances presented); *Morgan*, 659 F.3d at 372.
[24] *Malley v. Briggs*, 475 U.S. 335, 341 (1986).
[25] *Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018).
[26] *Nerio v. Evans*, 974 F.3d 571, 575 (5th Cir. 2020) (quoting *District of Columbia v. Wesby*, 583 U. S. __, 138 S. Ct. 577, 590).
[27] *Wesby*, 138 S. Ct. at 590.
[28] *Id*.

law. [29]

Finally, despite the general standard that at the summary judgment stage facts are viewed in the light most favorable to the plaintiff, when a case concerns the defense of qualified immunity, "the Court considers only the facts that were knowable to the defendant officers."[30]

## C.     The Elements of a Fourth Amendment Claim

The Fourth Amendment protects the rights of people to be free from unreasonable searches and seizure, and, because arrests are seizures of people, the Fourth Amendment requires that arrests be reasonable under the circumstances.[31]  An arrest is reasonable under the Fourth Amendment where probable cause exists to believe that a criminal offense has been committed.[32] Probable cause "is not a high bar."[33]  Probable cause requires only the type of fair probability on which prudent people, who are not legal technicians, act.[34]   The Constitution does not guarantee that only the guilty will be arrested, for if it did, §1983 would provide a cause of action for every defendant acquitted – indeed, for every suspect released.[35]  To state a claim for false arrest, a plaintiff must plausibly allege that a defendant did not have probable cause to arrest him.[36]

Probable cause exists when an officer is aware of "reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe" that a crime has been or will be committed. [37]  The test for probable cause is objective, not subjective.[38]

---

29 *Voss v. Goode,* 954 F. 3d 234, 239 (5th Cir. 2020) citing *Freeman v. Gore,* 483 F. 3d 404, 415 (5th Cir. 2007) and *Goodson v. City of Corpus Christi,* 202 F. 3d 730, 736 (5th Cir. 2000).
30 *White v. Pauly,* 580 U.S. 73, 76-77 (2017) (citing *Kingsley* v. *Hendrickson,* 576 U. S. 389, 399 (2015)).
31 *Nerio v. Evans,* 974 F.3d 571, 574 (5th Cir. 2020) (quoting *District of Columbia v. Wesby,* 583 U.S. __, 138 S. Ct. 577, 589 (2018).
32 *Devenpeck v. Alford,* 543 U.S. 146, 152 (2004).
33 *Wesby,* 138 S. Ct. at 586.
34 *Kaley v. U.S.,* 571 U.S. 320, 338 (2014).
35 *Baker v. McCollan,* 443 U.S. 137, 145 (1979); *Sanchez v. Swyden,* 139 F.3d 464, 468 (5th Cir. 1998).
36  *Arnold v. Williams,* 979 F.3d 262, 269 (5th Cir. 2020) (citing *Haggerty v. Tex. S. Univ.,* 391 F.3d 653, 655 (5th Cir. 2004).
37  *Voss v. Goode,* 954 F.3d 234, 238-239 (5th Cir. 2020) citing *Kohler v. Englade,* 470 F.3d 1104, 1109 (5th Cir. 2006); *see also Beck v. Ohio,* 379 U.S. 89, 91 (1964) citing *Brinegar v. United States,* 338 U.S. 160, 175-176 (Probable cause exists when the facts and circumstances within an officer's knowledge and of which the officer had reasonably trustworthy information are sufficient to warrant a prudent person in believing that a suspect had

6

Accordingly, the officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause."[39]  After-the-fact justifications for an arrest are permissible.[40]  "We apply an objective standard, which means that we will find that probable cause existed if the officer was aware of facts justifying a reasonable belief that an offense was being committed, whether or not the officer charged the arrestee with that specific offense."[41]  An officer who asserts qualified immunity will not be held liable for an arrest if he reasonably but mistakenly concluded that probable cause was present.[42]

"Perhaps the central teaching of our decisions bearing on the probable-cause standard is that it is a 'practical, nontechnical conception.'"[43] Probable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules.[44]  Only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.[45]  "[P]robable cause deals with probabilities. These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."[46]  "[P]robable cause does not demand the certainty we associate with formal trials."[47]

---

committed or was committing an offense); *Sam v. Richard,* 887 F. 3d 710, 715 (5th Cir. 2018) citing *State v. Kleinert,* 855 F. 3d 305, 316 (5th Cir. 2017) (quoting *United States v. Castro,* 166 F. 3d 728, 733 (5th Cir. 1999) (en banc).

[38] *Sam,* 887 F. 3d at 715.

[39] *Id.* citing *Devenpeck v. Alford,* 543 U. S. 146, 153, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2004).

[40] *Sam,* 887 F. 3d at 716 and n. 7. (While Sam asserted that the highway-crossing offense is only an after-the-fact justification for the arrest, the Fifth Circuit noted "even assuming that Richard intended to arrest Sam for shoplifting rather than crossing the highway, the latter offense is sufficient to support probable cause and defeat Sam's claim.").

[41] *Club Retro LLC v. Hilton,* 568 F. 3d 181, 204 (5th Cir. 2009) citing *Devenpeck v. Alford,* 543 U.S. 146, 153-154, 125 S. Ct. 588, 160 L. Ed. 2d 537 (2004).

[42] *Sam,* 887 F. 3d at 715 citing *District of Columbia v. Wesby,* 138 S. Ct. 577, 591, 199 L. Ed. 2d 453 (2018) (quoting *Anderson v. Creighton,* 483 U. S. 635, 641, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)).

[43] *Illinois v. Gates,* 462 U.S. 213, 231 (1983) citing *Brinegar v. United States,* 338 U.s. 160, 176 (1949).

[44] *Id.*, at 232.

[45] *Id.*, at 235.

[46] *Id.*, at 241.

[47] *Id.*, at 246.

Finally, and of particular relevance to the case at bar, a magistrate's determination of probable cause should be paid great deference by reviewing courts.[48]  "[W]e have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review." [49]     A grudging or negative attitude by reviewing courts toward warrants is inconsistent with the Fourth Amendment's strong preferences for searches or arrests conducted pursuant to a warrant; courts should not invalidate warrants by interpreting affidavits in a hyper-technical, rather than a commonsense, manner. [50]  The duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.[51]

**D.**    **Montenegro is Entitled to Qualified Immunity**

     **1.**    **Plaintiff Cannot Overcome the First Prong of Qualified Immunity**

As noted above, to state a claim for false arrest under the Fourth Amendment, Plaintiff must prove that he was arrested without probable cause.[52] In fact, because of Montenegro's entitlement to the defense of qualified immunity, Plaintiff is required to demonstrate that not even *arguable* probable cause supported his arrest.[53] Because, as set forth below, Plaintiff has no evidence sufficient to raise an issue of material fact that his arrest was not supported by arguable probable cause, an essential element of his cause of action has been negated, and Defendant is entitled to summary judgment. Additionally, because Plaintiff cannot state a claim for the

---

[48] *Id*., at 236.

[49] *Id*.

[50] *Id*.

[51] *Id, at 238*.

[52] *Turner v*, 848 F.3d at 685.

[53] *Johnson v. City of San Antonio*, No. 22-50196, 2023 WL 3019686, *8 (5th Cir. Apr. 20, 2023) (to succeed on an unlawful arrest claim, a plaintiff "must show that there was 'not even arguably…probable cause' for her arrest") (quoting *Brown v. Lyford*, 243 F.3d 185, 190 (5th Cir. 2001)) (ellipses in *Johnson*); *Petersen v. Johnson*, 57 F.4th 225, 232 (5th Cir. 2023) ("Actual probable cause is not necessary; merely *arguable* probable cause is sufficient to trigger qualified immunity.") (emphasis in original); *De La Paz v. Coy*, 786 F.3d 367, 371, n.3 (5th Cir. 2015) (on summary judgment, a plaintiff must overcome the burden of showing that no reasonable official would have concluded that probable cause existed); *see also*, *e.g.*, *Scott v. City of Mandeville*, 69 F.4th 249, 255 (5th Cir. 2023) (to prevail on a §1983 false arrest claim, the plaintiff must show that the officers did not have probable cause to make the arrest).

violation of a Constitutional right, Plaintiff cannot overcome the first prong of the qualified immunity defense, and Defendant is entitled to immunity.[54]

### a.   The Finding of the Examining Trial is Insufficient.

First, Riser cannot meet his burden of proof by relying on the fact that the judge in the examining trial for his criminal case found no probable cause.  This finding does not demonstrate that *arguable* probable cause was lacking,[55]  nor does it show that *no* reasonable official could have concluded that probable cause existed.[56]   Additionally, the attorneys who participated in the examining trial based their arguments about probable cause on an evidentiary rule related to accomplice credibility and testimony (section 38.14 of the Texas Code of Criminal Procedure) that is inapplicable for the purpose of Fourth Amendment analysis.  App. at pp. 046-50 [Examining Trial Transcript p. 21, lines 10-21; p. 34, lines 3-23; p. 58, lines 2-6; p. 147, lines 6-10; p. 147, line 24 to p. 148, line 5 (where Attorney Shook expressly refers to "38.14" concerning credibility of accomplices)].

The examining trial attorneys' concerns about reliability and corroboration of accomplice testimony arise from a provision in the Texas Code of Criminal Procedure which states:

> TESTIMONY OF ACCOMPLICE. A **conviction** cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

TEX. CODE CRIM. PRO. §38.14 (emphasis added).

This provision expressly relates to *criminal convictions*, not to the determination of probable cause, which is subject to a significantly lower standard.[57]   Indeed, within the Fifth

---

54 *Turner v*, 848 F.3d at 685.

55 *Johnson*, 2023 WL 3019686 at *8; *Petersen*, 57 F.4th at 232; *Brown*, 243 F.3d at 190.

56 *De La Paz*, 786 F.3d at 371, n.3.

57 *Voss*, 954 F. 3d at 238-239 citing *Kohler*, 470 F. 3d at 1109; *Beck*, 379 U.S. at 91 citing, 338 U.S. at 175-176; *Sam*, 887 F. 3d at 715 citing *Kleinert*, 855 F. 3d at 316; *see also, e.g., U.S. v. Smith*, 714 F. Supp. 1393, 1397 (N.D. Tex. 1989) (noting that probable cause requires less evidence than would be required for a conviction).

Circuit, "it is well-established that uncorroborated statements from an accomplice can establish probable cause."[58]

Riser was arrested for capital murder. Dkt. #1, p. 3, ¶10; App. at p. 006-7 [E. Montenegro Aff., ¶23, and Exhibits 1 and 3 thereto, App. pp. 009-14, and 031-38]. A person commits the offense of capital murder if he "employs another to commit the murder for remuneration or the promise of remuneration." TEX. PENAL CODE §19.03(3). Riser does not contest the fact that a witness provided multiple, specific inculpatory statements implicating Riser in two murders for hire. *See, e.g.,* Dkt. #1, pp. 3-5, ¶¶11-20; and App. at pp. 001-7 [E. Montenegro Aff., ¶¶1-23, and Exhibits 1, 2, and 3 thereto, App. pp. 009-038]. Under the law applicable to Riser's Fourth Amendment claim, these statements—even if uncorroborated—were sufficient to establish at least arguable probable cause to arrest Riser for capital murder.

Montenegro is thus entitled to qualified immunity from Riser's Fourth Amendment false arrest claim because, under Fifth Circuit precedent, at least arguable probable cause supported Riser's arrest for capital murder. Additionally, because "it is well-established that uncorroborated statements from an accomplice can establish probable cause,"[59] Riser cannot demonstrate that Montenegro violated clearly established law by finding probable cause based on inculpatory statements from an accomplice which implicated Riser in the murders.

### b. No Constitutional Violation Occurred Because Actual Probable Cause Supported Riser's Arrest.

Montenegro is entitled to summary judgment because he had sufficient information to

---

58 *Bryant ex rel. Bryant v. City of Ripley, Miss.*, No. 3:12CV37-B-A, 2015 WL 686032, *4 (N.D. Miss. Feb. 18, 2015) (citing *Brown v. Hill*, 438 Fed. App'x 336, 337 (5th Cir. 2011)); *U.S. v. Webster*, 162 F.3d 308, 331 (5th Cir. 1998) (inculpatory statements "taken from an accomplice give rise to probable cause to arrest those so implicated") (citing *U.S. v. Barfield*, 507 F.2d 53, 58 (5th Cir. 1975)); *see also*, *e.g.*, *Chandler v. Roncoli*, No. 3:09-CV-523-LRA, 2010 WL 11537421, *3 (S.D. Miss. Nov. 1, 2010), *aff'd*, 449 Fed. App'x 379 (5th Cir. 2011) (citing *U.S. v. Posada-Rios*, 158 F.3d 832, 861 (5th Cir. 1998) for the proposition that "[t]he uncorroborated testimony of an accomplice is sufficient to support probable cause unless it is incredible on its face").
59 *Bryant*, 2015 WL 686032 at *4 (citing *Brown*, 438 Fed. App'x at 337); *Chandler*, No. 3:09-CV-523-LRA, 2010 WL 11537421, *3, *aff'd*, 449 Fed. App'x 379 (5th Cir. 2011) (citing *Posada-Rios*, 158 F.3d at 861

establish actual probable cause for Riser's arrest, including corroboration of some of Kilpatrick's statements. Additionally, Montenegro provided sufficient information to the judge who reviewed the warrant affidavit, and the judge also found probable cause to arrest Riser. This Court owes significant deference to the judge's determination of probable cause.

The existence of probable cause negates an essential element of Plaintiff's cause of action, and entitles Defendant to summary judgment. Additionally, since Plaintiff cannot raise a genuine issue of material fact that a violation of his Fourth Amendment rights occurred, Plaintiff cannot overcome the first prong of the qualified immunity analysis, and Defendant is entitled to summary judgment on the basis of qualified immunity.

### i. Partial Corroboration of the Accomplice's Statements Was Sufficient.

Although, as noted *supra*, corroboration of accomplice statements is not necessary to establish probable cause, Montenegro *did* find corroboration of some of Emmanuel Kilpatrick's allegations, which further convinced Montenegro of the existence of probable cause. Video evidence from businesses verified what Kilpatrick claimed Riser had told him about the movements of Liza Saenz. App. at p. 003 [E. Montenegro Aff., ¶12, and Exhibit 2 thereto, App. pp. 016-17, and 023-24]. Financial records for Riser revealed him making purchases at various donut shops where Kilpatrick claimed he had met Riser to discuss the murders, during relevant time periods. App. at pp. 004-5 [E. Montenegro Aff., ¶18, and Exhibit 2 thereto, App. p. 025, and 023-24]. Cell phone data from Riser's cell phone also placed Riser at relevant locations identified by Kilpatrick as places he had met with Riser to discuss the murders, again during relevant time periods. App. at pp. 004-5 [E. Montenegro Aff., ¶¶17 and 18, and Exhibit 2 thereto, App. pp. 025, and 029-30]. GPS data from Riser's patrol car further placed Riser at relevant locations identified by Kilpatrick as places he had met with Riser to discuss the murders,

again during relevant time periods.  App. at pp. 004-5 [E. Montenegro Aff., ¶18, and Exhibit 2 thereto, App. p. 025].  Riser's cell phone records also disclosed almost a dozen calls between him and Kilpatrick between February 9, 2017, and March 13, 2017, the timeframe of the alleged planning and murders of Ms. Saenz and Mr. Douglas. App. at p. 004 [E. Montenegro Aff., ¶17, and Exhibit 2 thereto, App. pp. 024-25].

This corroboration bolstered Montenegro's determination that the information from the witness was sufficiently credible.  A witness's veracity, reliability, and basis of knowledge are "relevant considerations in the totality-of-the-circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." [60]  A witness who provides self-incriminating factual assertions thereby provides an indication of his credibility and reliability because such statements are against the witness's own interests.[61]   In the case at bar, as discussed *supra*, Kilpatrick provided significant self-incriminating information for which Montenegro found independent corroboration. These indicia of credibility, along with Kilpatrick's direct basis of knowledge, supported Montenegro's determination that the information was reliable App. at p. 006 [E. Montenegro Aff., ¶20].  The fact that the accomplice provided this information as part of a plea deal did not undermine the determination of reliability. [62]

Moreover, the fact that Riser may proffer non-criminal excuses for the corroborating evidence that Montenegro relied upon does not negate probable cause. Law enforcement officers are not required to rule out a suspect's innocent explanation of suspicious facts.  "'[T]he relevant

---

[60] *Illinois v. Gates*, 462 U.S. 213, 233 (1983).
[61] *U.S. v. Harris*, 403 U.S. 573, 583 (1971) ("People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime…carry their own indicia of credibility—sufficient at least to support a finding of probable cause….").
[62] *Harris*, 403 U.S. at 583–84 ("That the informant may be paid or promised a 'break' does not eliminate the residual risk and opprobrium of having admitted criminal conduct.").].

inquiry is not whether particular conduct is 'innocent' or 'guilty', but the degree of suspicion that attaches to particular types of noncriminal acts.'"[63]

ii.     **This Court Owes Deference to the Judge's Finding of Probable Cause.**

Montenegro provided extensive information to enable Judge Kemp to make an *independent* determination that probable cause existed to arrest Riser for capital murder. App. at pp. 001-7 [E. Montenegro Aff., ¶¶2-25, and Exhibits 1, 2, and 3 thereto, App. pp. 009-38]. Moreover, because Judge Kemp presided over related criminal proceedings involving the Kilpatrick, prior to signing the initial arrest warrants, Judge Kemp had information about the circumstances underlying Montenegro's warrant affidavits, including the plea deal Kilpatrick received. App. pp. 006-7 [E. Montenegro Aff., ¶23]; and App. at p. 045 [Examining Trial Transcript p. 15, lines 16-22]. Based on all of this information, Judge Kemp found that probable cause existed to arrest Riser. App. pp. 006-7 [E. Montenegro Aff., ¶¶ 23 and 25, and Exhibits 1 and 3 thereto, App. pp. 009-14, and 031-38].

This Court owes great deference to Judge Kemp's finding of probable cause.[64]  Indeed, even in cases in which it is not easy to determine whether an affidavit demonstrates the existence of probable cause, the U.S. Supreme Court counsels that "'the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.'"[65] The Court should therefore defer to Judge Kemp's finding of probable cause.

For all these reasons, Plaintiff cannot establish that there was not probable cause (and certainly that there was not *arguable* probable cause) to arrest Riser.  Plaintiff thus cannot raise a fact issue concerning an essential element of his cause of action, and further cannot overcome the

---

[63] *Wesby*, 138 S.Ct. at 588.
[64] *Illinois v. Gates*, 462 U.S. 213, 236 (1983) ("we have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate's 'determination of probable cause should be paid great deference by reviewing courts.'") (quoting *Spinelli v. U.S.*, 393 U.S. 410, 419 (1969)).
[65] *Gates*, 462 U.S. at 237, n.10 (quoting *U.S. v. Ventrasca*, 380 U.S. 102, 109 (1965)).

13

first prong of the qualified immunity analysis because he cannot state a claim for the violation of his Fourth Amendment rights.  Defendant is therefore entitled to qualified immunity and the dismissal of Plaintiff's claims.

### 2.    Plaintiff Cannot Establish the Second Prong of Qualified Immunity

Plaintiff also has no evidence sufficient to raise an issue of material fact that Defendant's conduct violated clearly established law of which a reasonable person would have known and was therefore objectively unreasonable. Again, it is important to bear in mind that qualified immunity protects government officials from liability "when their actions could reasonably have been believed to be legal." [66]    For a public official to be stripped of qualified immunity, it is not enough for a plaintiff to establish that the official's conduct is illegal (*e.g*., that the conduct violated the Fourth Amendment), the official's conduct must have been *clearly* illegal.  Existing precedent must place the legality of the official's actions "beyond debate" such that every "reasonable official would have understood that what he was doing violate[d]" a constitutional right. [67]    Plaintiff cannot raise any genuine issue of material fact in this regard. As a result, Plaintiff cannot overcome the second prong of the qualified immunity analysis, and Montenegro is entitled to qualified immunity from Plaintiff's claims.[68]

Plaintiff's complaint and Rule 7(a) reply establish that he is seeking to hold Defendant liable for wrongful arrest (and overcome the preclusive legal effect of the arrest warrants that were issued for him) because Defendant allegedly made false statements and/or omitted exculpatory facts from the probable cause affidavits he presented to the judge who signed the arrest warrants. (*See* Dkt. #1 and Dkt. #25).  This is sometimes referred to as a "*Franks* claim" or "*Franks* violation", referring to the Supreme Court decision of *Franks v. Delaware*,  438 U.S.

---

[66] *Morgan v. Swanson,* 659 F.3d 359, 370 (5th Cir. 2011) (en banc).
[67] *Ashcroft v. al-Kidd,* 563 U.S. 731, 740-41 (2011).
[68] *Turner*, 848 F.3d at 685.

14

154 (1978).

A *Franks* violation occurs when an officer signs or presents a warrant affidavit to a magistrate that knowingly, intentionally, or with reckless disregard for the truth, makes false statements or omits information in an affidavit in support of a warrant, and, after "reconstructing the [affidavit at issue] by excising the falsehoods and inserting the material omission, the warrant would be unsupported by probable cause."[69]   The falsehood or omission must be "clearly critical" or material to a finding of probable cause.[70]   The inquiry in establishing a *Franks* violation is "whether any reasonably competent officer possessing the information each officer had at the time she swore her affidavit could have concluded that a warrant should issue."[71]   The final inquiry is the ultimate liability question in a false arrest case: "Did the officer have information establishing probable cause, whether or not that information was included [or excluded] in the warrant?"[72]

An affiant does not need to include every detail in the affidavit when the totality of the circumstances demonstrates probable cause.  The affiant does not need to prove the suspect's guilt beyond a reasonable doubt on every element of the charged crime, but rather must only establish that probable cause supports the arrest.[73]   The Court must take a realistic, common sense approach when analyzing warrant affidavits and should pay great deference to the

---

[69] *Franks v. Delaware*, 438 U.S. 154, 155-56, 171-72 (1978); *Melton v. Phillips*, 875 F.3d 256, 262 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1550 (2018) (citing *Jennings v. Patton*, 644 F.3d 297, 301 (5th Cir. 2011) and *Hampton v. Oktibbeha County Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir. 2007)); *Marks v. Hudson*, 933 F.3d 481, 487 (5th Cir. 2019); *Jones v. Perez*, No. 17-11242, 2019 WL 5268618, *3 (5th Cir. Oct. 16, 2019).

[70] *Porter v. Lear*, 751 Fed. App'x 422, 429-430 (5th Cir. 2018) (citing *Hale v. Fish*, 899 F.2d 390, 400 n.3 (5th Cir. 1990)).

[71] *Jones*, 2019 WL 5268618, at *3 (quoting *Freeman v. County of Bexar*, 210 F.3d 550, 553 (5th Cir. 2000)) (holding that the officer did not violate *Franks* when she did not alert the magistrate to the reliability of a witness to the crime that was in serious doubt because the overall evidence established probable cause "even if the information on a reconstructed affidavit would not have sufficed.").

[72] *Id.*

[73] *See United States v. Brown*, 941 F.2d 1300, 1304 (5th Cir. 1991); *United States v. Ventresca*, 380 U.S. 102, 107 (1965).

15

magistrate's finding of probable cause.[74]  When the Court is confronted with a close call, all doubts or questions "should be largely determined by the preference to be accorded to warrants."[75]

### a.    Plaintiff's Alleged Misrepresentations/Omissions.

Plaintiff alleges that Montenegro made the following misrepresentations or omissions in his probable cause affidavits for the arrest of Riser:

1) FBI Cell Site Location data did not place Riser near the location of Saenz's and Douglas' disappearances, but Montenegro said it did (Dkt. #1, p. 8, ¶31; and Dkt. #25, p. 5);

2) Montenegro presented Kilpatrick's narrative as facts, rather than as allegations by Kilpatrick, who was himself involved in the murders (Dkt. #1, p. 8, ¶33; and Dkt. #25, p. 5);

3) Montenegro made false statements in attempting to identify corroboration of Kilpatrick's story (Dkt. #1, p. 8, ¶34; and Dkt. #25, p. 5);

4) Montenegro asserted that "FBI analysis placed the suspect's phone and squad car at the locations where the witness stated that met and planned the kidnapping of [Douglas and Saenz]," which was misleading and omitted critical context (Dkt. #1, p. 9, ¶36; and  Dkt. #25, p. 5);

5) Montenegro did not disclose that Kilpatrick's had a clear motive to lie because he was offered a reduced charge from capital murder in exchange for offering info on Riser (Dkt. #25, p. 6);

6) Montenegro did not disclose that he had allegedly been informed by a fellow Dallas officer that Kilpatrick was not only unreliable but had a history of attempting to con law enforcement (Dkt. #1, p. 5, ¶21; and Dkt. #25, p. 6);

7) Montenegro did not disclose that his parts of his interview of Kilpatrick's co-conspirator Kevin Kidd did not corroborate Kilpatrick's account, but contradicted Kilpatrick's account in several ways (Dkt. #1, pp. 6-7, ¶27; and Dkt. #25, p. 6); and

---

[74] *See United States v. May*, 819 F.2d 531, 535 (5th Cir. 1987) (quoting *Ventresca*, 380 U.S. at 108).
[75] *United States v. Phillips*, 727 F.2d 392, 399 (5th Cir. 1984) (quoting *Gates*, 462 U.S. at 236 n.10.

16

8)  In his Rule 7(a) Reply, Plaintiff referred to other things Montenegro allegedly knew but did not disclose in his probable cause affidavits regarding: Kilpatrick's criminal history; Kilpatrick's duplicity; and mistakes in Kilpatrick's timelines (Dkt. #25, pp. 6-7).

As will be shown below, none of these allegations are sufficient to demonstrate that Montenegro violated clearly established law. Defendant is therefore entitled to qualified immunity, and Plaintiff has no evidence sufficient to raise a genuine fact issue to the contrary.

### b.    Defendant's Actions Were Objectively Reasonable.

The evidence establishes that Montenegro's probable cause affidavits did not contain any knowing, intentional, or reckless misrepresentations or omissions of material facts, and further that probable cause existed for Plaintiff's arrest for the offense of capital murder.  As such, Montenegro did not violate any clearly established law of which a reasonable person would have known, and he is entitled to qualified immunity.

When Defendant presented his arrest warrant affidavits for Riser to Judge Kemp (which had been significantly edited at his supervisor's direction), he also provided her with a lengthy and unedited narrative that more fully described his investigation and findings that supported a finding of probable cause. App. at pp. 006-7 [E. Montenegro Aff., ¶23, and Exhibit 2 thereto, App. pp. 015-30]. Judge Kemp thus reviewed and was familiar with all this information when she found probable cause and executed the arrest warrants. As discussed above, Montenegro presented sufficient information in these materials for a reasonable person to conclude there was probable cause that Riser had committed capital murder by employing another person to commit murder for remuneration or the promise of remuneration. App. at pp. 001-7 [E. Montenegro Aff., ¶¶1-23, and Exhibits 1, 2, and 3 thereto, App. pp. 009-038].   TEX. PENAL CODE §19.03(3); and discussion, *supra*.

17

The fact that the initial probable cause affidavits erroneously stated that cell site location data placed Riser in or near the area where Saenz and Douglas had disappeared or been killed, rather than in or near the area where the planning of Saenz and Douglas' killing had occurred does not negate probable cause.  First, the evidence establishes that this error was simply a cut and paste error committed by Montenegro when he was editing down the language of the affidavit as his supervisor's request. App. at p. 007 [E. Montenegro Aff., ¶24]. It was not an knowing, intentional, or reckless misrepresentation, which is required to establish a *Franks* violation.[76]

Moreover, this alleged error is not "clearly critical" or material to a finding of probable cause.[77]  Being present with co-conspirators at a location where the planning of a kidnapping and murder occurred (as opposed to the location where the actual kidnapping or killing occurred) is not an *exculpatory* fact. It is a fact that actually supports a finding of probable cause to arrest Riser.

Plaintiff's claim that the probable cause affidavits were misleading in presenting Kilpatrick's claims as facts, rather than allegations by a witness raises no fact issue. It is apparent from reviewing the probable cause affidavits and narrative that Montenegro submitted that Kilpatrick's allegations are identified and presented as precisely that: claims by a witness and direct participant in the events. They are not presented as established facts.  App. at pp. 001-7 [E. Montenegro Aff., ¶¶1-23, and Exhibits 1, 2, and 3 thereto, App. pp. 009-038].

Nor do Plaintiff's claims regarding Kilpatrick's alleged credibility issues because of his criminal background and involvement in the murders at issue, and his  purported motive to lie because of a plea deal he had for a reduced sentence in exchange for information on Riser, raise

---

[76] *Franks*, 438 U.S.  at 155-56, 171-72 (1978); *Melton*, 875 F.3d at 262; *Marks* , 933 F.3d at 487; *Jones*, No. 17-11242, 2019 WL 5268618, *3.
[77] *Porter* , 751 Fed. App'x at 429-430; *Hale*, 899 F.2d at 400 n.3.

any issue of material fact.  As noted above, self-incriminating statements made by a witness can actually be viewed as indicia of trustworthiness, rather than a lack of credibility.[78]   Likewise, the existence of plea deals has been expressly held not to remove the credibility of a witness.[79] In any event, Judge Kemp, the independent intermediary who signed the warrants for Riser's arrest, had direct personal knowledge of Kilpatrick's criminal past, his involvement in the Douglas and Saenz murders, and the plea deal he had received, as she was the judge who had presided over his murder trial. App. pp. 006-7 [E. Montenegro Aff., ¶23]; and App. at p. 045 [Examining Trial Transcript p. 15, lines 16-22]. The alleged omission of those matters from the probable cause affidavits and materials presented by Montenegro, even if they were required, was therefore immaterial, as Judge Kemp already knew of them.

In regards to Plaintiff's complaints about statements of Kevin Kidd not corroborating Kilpatrick's account, as well as alleged problems with Kilpatrick's timeline, Defendant would note the Supreme Court's observation that a "magistrate must be informed of *some of the underlying circumstances* from which the informant [made his conclusions] and *some of the underlying circumstances* from which the officer concluded that the informant…was 'credible' or his information 'reliable.'" [80]   Moreover, although a magistrate's determination of probable cause entails some degree of reliance on the credibility of the source of the factual allegations in a warrant affidavit, it does not require "'that each factual allegation which the affiant puts forth must be independently documented, or that each and every fact which contributed to [the affiant's] conclusions be spelled out…*it simply requires that enough information be presented to*

---

78 *Harris*, 403 U.S. at 583 ("People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime…carry their own indicia of credibility—sufficient at least to support a finding of probable cause….").
79 *Id.*, at 583–84.
80 *Illinois v. Gates*, 462 U.S. 213, 230, n.6 (1983) (quoting *Aguilar v. Texas*, 378 U.S. 108 (1969)) (emphasis and ellipses in *Gates*)..

*the [magistrate] to enable him to make the judgment that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process.*" [81]

In any event, contrary to Plaintiff's assertion, the information that Montenegro presented to Judge Kemp **did** disclose contradictions of Kilpatrick's account by Kidd (and others), as well as problems with Kilpatrick's timeline.   App. at pp. 006-7 [E. Montenegro Aff., ¶23; and Exhibit 2 thereto, at App. pp. 023-25, 27, and 29-30]. Montenegro therefore did not violate any clearly established law and he is entitled to qualified immunity.

Nor does Plaintiff's claim that Montenegro's assertion that FBI analysis placed Riser at locations where the kidnappings and murders were planned was "misleading and omitted critical context" raise any genuine issue of material fact. Review of what Montenegro presented to Judge Kemp is this regard shows, on its face, that it was not misleading or without sufficient context. Montenegro advised Judge Kemp that Kilpatrick claimed he had met with Riser to discuss and plan the kidnappings and murders at specific locations, and then further identified corroborative evidence (such as cell phone location and vehicle GPS information, and financial records) that supported a reasonable conclusion that Riser had been at those same locations at the times that Kilpatrick claimed. App. at pp. 001-7 [E. Montenegro Aff., ¶¶2-25; and Exhibit 1 thereto, at App. pp. 009-14, Exhibit 2 thereto, at App. pp. 023-25, and Exhibit 3 thereto, at App. pp. 031-38].

The fact that Riser may assert there is an alternative, non-criminal explanation for his purported presence at those locations is of no significance. As noted above, law enforcement officers are not required to rule out a suspect's innocent explanation of suspicious facts to establish probable cause. [82]  Nor must Montenegro have presented to Judge Kemp independent documentation of every factual allegation supporting probable cause or responding to an

---

[81] *Id.*. (quoting *Jaben v. U.S.*, 381 S.Ct. 214, 224–25 (1965) (emphasis in *Gates*))..
[82] *Wesby*, 138 S.Ct. at 588.

explanation by Riser for his conduct.[83]  Plaintiff can raise no genuine issue of material fact that Montenegro violated  any clearly established law,  and he is entitled to qualified immunity.

## V.
## CONCLUSION

For all the reasons set forth above, Plaintiff is entitled to qualified immunity from Plaintiff's causes of action. The Court should, therefore, enter summary judgment dismissing Plaintiff's claims, with prejudice.

WHEREFORE, PREMISES CONSIDERED, Defendant Montenegro prays that the Court grant this motion, and that any and all of Plaintiff's claims against Montenegro be dismissed, with prejudice to the refiling of same; Defendant further prays that Plaintiff take nothing by this suit; that all relief requested by Plaintiff be denied; and that Defendant recover all costs of suit and attorney's fees; Defendant further prays for such other and further relief, both general and special, at law or in equity, to which he may show himself to be  justly entitled.

---

[83] *Gates*, 462 U.S. at 230, n.6.

Respectfully submitted,

*/s/ Thomas P. Brandt*
**THOMAS P. BRANDT**
State Bar No. 02883500
tbrandt@fhmbk.com
**STEPHEN D. HENNINGER**
State Bar No. 00784256
shenninger@fhmbk.com
**CHRISTOPHER BRANDT**
State Bar No. 24072262
cbrandt@fhmbk.com
**FANNING, HARPER, MARTINSON, BRANDT & KUTCHIN, P.C.**
One Glen Lakes
8140 Walnut Hill Lane, Suite 200
Dallas, Texas 75231
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2023, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.

*/s/ Thomas P. Brandt*
**THOMAS P. BRANDT**